UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60072-CIV-MORENO

SUNNY CORRAL MANAGEMENT, LLC, a
Texas Limited Liability Company,

    Plaintiff,

vs.

VALUE DINING INCORPORATED, a Florida corporation, VALUE DINING OF PEMBROKE PINES, INC., a Florida corporation, VALUE DINING OF POMPANO BEACH, INC., a Florida Corporation, and VALUE DINING OF TAMARAC, INC., a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNTS IV, VI, AND VII OF PLAINTIFF'S AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Counts IV, VI, and VII of Plaintiff's Amended Complaint **(D.E. No. 17)**, filed on **April 2, 2008**, and Plaintiff's Motion for Leave to Amend Amended Complaint **(D.E. No. 21)**, filed on **April 29, 2008**.

THE COURT has considered the motions, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendants' Motion to Dismiss Counts IV, VI, and VII of Plaintiff's Amended Complaint is **GRANTED** in part and **DENIED** in part, and Plaintiff's Motion for Leave to Amend Amended Complaint is **GRANTED** as follows.

## I. Background

Plaintiff Sunny Corral Management, LLC entered into a contract with Defendants Value Dining of Pembroke Pines, Inc., Value Dining of Pompano Beach, Inc., and Value Dining of Tamarac, Inc. (collectively "Value Dining Seller") to purchase from Value Dining Seller the assets of three restaurant businesses.[1] Plaintiff alleges that the $7,200,000 purchase price was based upon the restaurants' earnings and the value of a right of first refusal to the development rights to open three additional restaurants in Miami (allegedly valued at $30,000).

After the closing, Plaintiff alleges that it discovered that Defendants intentionally concealed material information that they had a duty to disclose, the concealment of which proved costly to Plaintiff. Among other things, Plaintiff claims that Defendants concealed the fact that they did not actually own the right of first refusal to the development rights they allegedly sold. Further, Plaintiff claims that Defendants concealed the nature and extent of the coupon and gift vouchers that were issued to tradesmen and trade vendors as compensation for goods and services. As a result of this concealment, Plaintiff claims that sales were overstated and expenses were understated resulting in an artificially inflated purchase price for the restaurants.

In its Amended Complaint, Plaintiff alleges that Defendants breached the contract (Counts I, II, and III), received unjust enrichment (Count IV), and committed fraud (Count V and VI). Plaintiff also claims rescission of the contract (Count VII). Defendants moved to dismiss Counts IV (unjust enrichment), Count VI (fraud), and Count VII (rescission). Plaintiff responded to Defendants' Motion to Dismiss and moved for leave to amend its Amended Complaint to cure the errors raised in Defendants' Motion to Dismiss.

---

[1] Defendant Value Dining Incorporated is not a party to the contract between Plaintiff and Value Dining Seller, but is "intricately involved in the transactions and occurrences on which the above-styled suit is based." *Amended Complaint* at ¶ 9.

## II.  Legal Standard

In ruling on a motion to dismiss, the Court must limit its consideration to the pleadings and any exhibits attached to the pleadings.  *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court must view the complaint in the light most favorable to the plaintiff.  *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief."  *United States v. Baxter Int'l Inc.*, 345 F.3d 866, 880 (11th Cir. 2003).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

## III.  Legal Analysis

**(A)    Count IV - Unjust Enrichment**

Defendants move to dismiss Count IV for unjust enrichment for failure to state a claim upon which relief can be granted.  To state a claim for unjust enrichment, a plaintiff must allege

the following factors: (1) plaintiff conferred a benefit upon defendant, (2) defendant appreciated and accepted the benefit, and (3) defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain the benefit without paying for it. *Zambrana v. Geminis Envios Corp.,* No. 08-20546, 2008 WL 2397624, at n6 (S.D. Fla. Jun. 10, 2008).

In its Amended Complaint, Plaintiff alleges that $30,000 of the purchase price that it paid to Defendants for the restaurants was payment specifically for a right of first refusal to additional property that Defendants claimed they owned.  The additional property was the development rights to open three additional restaurants in Miami.  Plaintiff alleges that after the closing on the sale of the restaurants, it discovered that Defendants did not actually own that additional property.  Thus, Plaintiff alleges that it conferred a benefit of $30,000 upon Defendants, which Defendants accepted, and that it would be inequitable to allow Defendants to retain the $30,000 as Defendants do not actually own the additional property that Plaintiff purchased.  Accordingly, Plaintiff has pleaded all the elements of an unjust enrichment cause of action and Defendants' Motion to Dismiss as to Count IV must be denied.

**(B)     Count VI - Fraud**

Defendants move to dismiss Count VI for fraud for failure to plead with particularity, for inconsistency, and due to the Statute of Frauds.  In its Response to Defendants' Motion to Dismiss, Plaintiff admits that the Defendants have a valid basis to move for dismissal.  Plaintiff states: "[T]he Complaint is simply misstating the underlying facts.  Count VI speaks of real property, when there was no real property in issue in that count.  Instead the issue was as to the same rights to open 3 more franchise operations, and it was for that license that the Defendants

fraudulently advised that they paid $30,000. [] Count VI is poorly drafted, and needs to be corrected . . ." *Response to Motion to Dismiss* at ¶ 10-11. Thus, Defendants' Motion to Dismiss as to Count VI must be granted.

Plaintiff requests that the Court permit it to correct the error by amending its Amended Complaint. Plaintiff's Motion for Leave to File Amended Complaint (which is incorporated in its Response to Motion to Dismiss) is granted to allow Plaintiff the opportunity to attempt to allege the required elements of a cause of action for fraud. Plaintiff shall file its Second Amended Complaint by no later than **December 30, 2008**. Failure to do so may result in dismissal of this count.

**(C)     Count VII - Rescission**

Defendants move to dismiss Count VII for rescission for failure to state a claim upon which relief can be granted.[2] To state a claim for rescission, a plaintiff must allege the following factors: (1) the character or relationship of the parties, (2) the making of the contract, (3) the grounds for rescission, (4) that the party seeking rescission has done so and informed the other party to the contract, (5) if the rescinding party has received benefits from the contract, that the party has offered to restore the benefits if possible, and (6) that no adequate remedy is available at law. *Promark Engineered Systems, Inc. v. Tyco Heathcare Group LP,* No. 07-60592, 2007 WL 1890704, at *3 (S.D. Fla. Jun. 29, 2007).

---

[2] Defendants also move to dismiss Count VII for rescission due to the doctrine of laches. Laches, however, is an affirmative defense that is not properly raised by a motion to dismiss, but should be pled as part of an answer. *Diaz v. Bravo,* 603 So. 2d 106, 107 (Fla. 3d DCA 1992).

In its Amended Complaint, Plaintiff alleges the first three elements of a cause of action for rescission: the character or relationship of the parties, the making of the contract, and the grounds for rescission which revolve around the concealment of the nature and extent of the coupon and gift vouchers that were issued. Plaintiff, however, fails to allege the last three elements: that it rescinded the contract and informed Defendants, that it offered to restore any benefits it received from the contract if possible, and that no adequate remedy is available at law. Accordingly, Plaintiff has failed to plead all of the elements of cause of action for rescission and Defendants' Motion to Dismiss as to Count VII must be granted.

Plaintiff requests that the Court permit it to correct the error by amending its Amended Complaint. Plaintiff's Motion for Leave to File Amended Complaint is granted to allow Plaintiff the opportunity to attempt to allege the required elements of a cause of action for rescission. Plaintiff shall file its Second Amended Complaint by no later than **December 30, 2008**. Failure to do so may result in dismissal of this count.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of December, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Parties and Counsel of Record